UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POUPENG ITHAVONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-2733-B |
| | § | |
| LONGHORN ICEHOUSE LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Longhorn Icehouse, LLC's Motion to Dismiss Plaintiff Poupeng Inthavong's[1] Complaint (Doc. 20). Longhorn Icehouse moves the Court to dismiss Inthavong's claims pursuant to Federal Rules of Civil Procedure 41(b), 12(b)(6), and 12(c). On March 11, 2026, the Court held a hearing on Longhorn Icehouse's Motion. For the reasons explained herein, the Court **GRANTS** Longhorn Icehouse's Motion and dismisses the case with prejudice pursuant to Rule 41(b).[2]

## I.

## BACKGROUND

The Court summarizes the relevant procedural background below. Longhorn Icehouse removed this case to federal court on October 30, 2024. *See generally* Doc. 1, Notice Removal. Since

---

[1] After reviewing the record, it appears Plaintiff's last name is misspelled in the case caption.

[2] Because the Court grants Longhorn Icehouse's Motion to Dismiss pursuant to Rule 41(b), it need not address Longhorn Icehouse's alternative bases for dismissal under Rules 12(b)(6) and 12(c).

then, the case has not meaningfully progressed due in large part to Inthavong and her attorney's repeated failures to actively participate.

Within the first three months after removal, the Court twice ordered Inthavong's counsel to comply with the Northern District of Texas Local Rules and become admitted to practice or file a pro hac vice application. *See* Doc. 3, Order Show Cause, 1; Doc. 6, Order Show Cause, 1-2.

In February 2024, the parties filed their joint status report proposing the contents of the scheduling order. *See generally* Doc. 10, Joint Status Report. Within the report, the parties agreed to mediate with the former judge Karen Brown Willcutts. *Id.* at 5. The Court then issued the Scheduling Order setting trial for March 2, 2026, the mediation deadline on October 3, 2025, and the discovery deadline on November 3, 2025. Doc. 11, Schedul. Order, 1. Furthermore, the Court's Mediation Order ordered the parties to mediate with their chosen mediator, Judge Willcutts. Doc. 12, Mediation Order, 2. The Mediation Order stated that "[f]ailure to comply in good faith with the requirements of this order may result in the imposition of sanctions." *Id.*

The mediation deadline passed, and the parties failed to mediate. Accordingly, the Court ordered the parties to show cause, in writing, why they had not attended mediation. Doc. 13, Order Show Cause, 1. Both parties filed a written response to the show cause order. *See generally* Doc. 15, Def.'s Resp.; Doc. 17. Pl.'s Resp. Inthavong's counsel refused to mediate with Judge Willcutts or otherwise work with Longhorn Icehouse's counsel to coordinate a mediation date until after the deadline had passed. *See* Doc. 15, Def.'s Resp., 2-6. After Judge Willcutts graciously modified her procedure to accommodate Inthavong, the parties completed a half-day mediation on November 6, 2025. *See* Doc. 21-17, Pl.'s App., Ex. Q, 7-8; Doc. 19, ADR Summ., 1.

On October 20, 2025, Longhorn Icehouse filed its Notice of Intent to take the deposition of Inthavong on October 28, 2025. Doc. 14, Not. Dep., 1. Neither Inthavong nor her counsel appeared at the deposition. *See* Doc. 20, Mot., 11. Additionally, Inthavong failed to respond to Longhorn Icehouse's interrogatories or requests for production. *See id.* She also failed to object to the discovery requests or move for a protective order. *See* Doc. 22, Def.'s Reply, 5. The discovery deadline therefore passed without Inthavong completing any of her discovery obligations.

On December 2, 2025, Longhorn Icehouse filed its Motion to Dismiss Inthavong's Complaint under Federal Rules of Civil Procedure 12(b)6, 12(c), and 41(b). *See generally* Doc. 20, Mot. Inthavong timely responded. *See generally* Doc. 21, Pl.'s Resp. Longhorn Icehouse then filed its Reply. *See generally* Doc. 22, Def.'s Reply.

The deadline for pretrial disclosures and objections was January 16, 2026. Doc. 11, Schedul. Order, 4. Neither party filed their pretrial disclosures or objections.

On January 27, 2026, Longhorn Icehouse requested the Court hear oral argument on its Motion to Dismiss. Doc. 23, Unopposed Mot. Hr'g, 1. Longhorn Icehouse stated in the Motion that the parties would not be ready for trial by the trial date. *Id.* On February 4, 2026, the Court granted the Motion and vacated the remaining pre-trial deadlines and the trial date. Doc. 24, Electronic Order. The Court held the hearing on March 11, 2026.

Accordingly, the Court decides Longhorn Icehouse's Rule 41(b) Motion on the briefing and oral argument below.

**II.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a case when a plaintiff "fails to prosecute or to comply with these rules or a court order." A dismissal with prejudice is appropriate when: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

For the first factor making prejudicial dismissal appropriate, "[a] clear record of delay exists when there have been 'significant periods of total inactivity' that persist for 'longer than just a few months.'" *Lasalle v. Acevedo*, No. 3:21-CV-1263-D, 2022 WL 1307837, at *2 (N.D. Tex. May 2, 2022) (Fitzwater, S.J.) (other citation omitted) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008)). The Fifth Circuit has explained that contumacious conduct is "stubborn resistance to authority." *Boudy v. McComb Sch. Dist.*, 168 F.4th 257, 264 (5th Cir. 2026) (quoting *Millan*, 546 F.3d at 327).

Under the second factor, "even where there is a clear record of delay or contumacious conduct by the plaintiff, the court must also make an explicit determination that lesser sanctions would not serve the best interests of justice." *Lasalle*, 2022 WL 1307837, at *3 (citations omitted).

Additionally, in affirming dismissals with prejudice under Rule 41(b), the Fifth Circuit usually finds at least one of the following aggravating factors is present: "(1) delay caused by [the]

plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell*, 988 F.3d at 802 (citation omitted).

## III.

## ANALYSIS

The Court finds that dismissal with prejudice is appropriate under Rule 41(b). In making that determination, the Court finds guidance in Senior Judge Sidney Fitzwater's recent decision in *McGee v. Hiland Dairy Foods Co.*, No. 3:23-CV-2630-D, 2025 WL 510332 (N.D. Tex. Feb. 14, 2025). There, the plaintiff failed to (1) appear for his properly noticed deposition, (2) participate in discovery; (3) cooperate with defense counsel, and (4) respond to a court order. *Id.* at *2. Judge Fitzwater found that no "lesser sanctions" would be sufficient because the plaintiff had "repeatedly shown that he has no regard for fundamental discovery processes or this court's authority." *Id.* Importantly, Judge Fitzwater noted the case had failed to move "beyond the nascent stages," even though it had been pending for over a year, due to the fault of the plaintiff. *Id.* Although the plaintiff in *McGee* was acting pro se, the Court finds the facts sufficiently analogous to the case here.

A clear record of delay by Inthavong exists in this case. Inthavong and her counsel have failed to timely comply with multiple court orders and have refused to cooperate with defense counsel, precluding this case from moving beyond its initial stages even though it has been pending for over fifteen months. Neither Inthavong nor her counsel appeared for her properly noticed deposition. Likewise, although Inthavong was served with discovery, the discovery deadline passed without Longhorn Icehouse receiving any responses. Moreover, Inthavong's counsel continuously rejected Longhorn Icehouse's attempts to schedule mediation. Consequently, the parties missed the

mediation deadline by over a month. Most recently, upon review of the record, the Court notes Inthavong failed to file her pretrial disclosures. Accordingly, the Court concludes that Inthavong and her counsel have acted with delay, as there have been significant periods of inactivity in this case and a continued resistance to the Court's authority.

Next, the Court determines that lesser sanctions would not be effective to serve the best interest of justice. The Court has warned Inthavong and her counsel multiple times that failure to comply with its orders may lead to sanctions. *See* Doc. 6, Order Show Cause, 2; Doc. 11, Schedul. Order, 8; Doc. 12, Mediation Order, 2; Doc. 13, Order Show Cause, 1. Further warnings of sanctions would therefore not effectively ensure compliance. Moreover, exclusion of evidence would likely not be an effective sanction because Inthavong has provided no discovery. *See Wilson v. Wells Fargo Bank*, 3:13-CV-2257-O, 2015 WL 4191300, at *3 (N.D. Tex. July 1, 2015) (O'Connor, J.) ("Because [the plaintiff] has provided no discovery at all, exclusion of evidence or witnesses not disclosed . . . would likely also not be effective."). Accordingly, as Inthavong and her counsel have shown no regard for the Court's authority or the litigation process, dismissal with prejudice is appropriate. *See Rickman v. Akash Hotels Int'ls*, No. 3:08-CV-1777-P, 2010 WL 3783980, at *4 (N.D. Tex. Aug. 30, 2010) (Ramirez, Mag. J.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291-92 (5th Cir. 2008)) (finding a lesser sanction than dismissal with prejudice would not "substantially achieve the necessary deterrent effect" when plaintiff demonstrated "continued blatant disregard of court orders and failure to show that she intends to comply with the orders"), *report and recommendation adopted*, No. 3:08-CV-1777-P, 2010 WL 3783962 (N.D. Tex. Sept. 27, 2010) (Solis, J.).

Lastly, at least one of the aggravating factors is present here to support dismissal with prejudice: Inthavong's inaction has caused actual prejudice to Longhorn Icehouse. This case has

passed its trial date with no discovery being conducted. *Molina v. Gregory Funding, LLC*, No. 3:23-CV-01576-B, 2024 WL 5203202, at *5 (N.D. Tex. Oct. 7, 2024), (Rutherford, Mag. J.) (finding prejudice to defendants when plaintiff failed to provide any discovery, impeding defendants' ability to prepare for trial), *report and recommendation adopted*, No. 3:23-CV-01576-B, 2024 WL 5202498 (N.D. Tex. Dec. 22, 2024) (Boyle, J.). Instead of requesting relief from the Court or cooperating with defense counsel, Inthavong and her counsel have sat on their hands. As the Plaintiff, Inthavong has a duty to prosecute her case. That duty has not been met. Accordingly, dismissal with prejudice is appropriate under these circumstances.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Longhorn Icehouse's Motion to Dismiss under Rule 41(b) and dismisses this case with prejudice. A final judgment will be issued separately.

SO ORDERED.

SIGNED: March 30, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE